

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-13-00345-CV |
| IN THE INTEREST OF E.W.N., | § | Appeal from |
| A CHILD. | § | 431st District Court |
| | § | of Denton County, Texas |
| | § | (TC # 2009-20902-158) |
| | § | |

## **CORRECTED OPINION**

Wesley Bruce Nichol appeals from an order dismissing his modification suit. The subject matter of this appeal is ripe for discussion and a hot button topic among family law practitioners. What remedy does a litigant have when circumstances change while an order in a suit affecting the parent child relationship is on appeal? The Texas Family Code is a textbook of remedies, but they are not exclusive. Family law practitioners have routinely looked outside the box to fashion creative remedies. In fact for decades, the word "reimbursement" did not even appear in the Family Code, but it was pled, tried, and awarded. "Fraud on the community estate" was litigated long before it was first mentioned in the Family Code. Common sense dictates that circumstances in family law cases may change dramatically while the case flies through -- or lingers in -- appellate orbit.

## FACTUAL SUMMARY

On September 27, 2011, the trial court entered an order appointing Wesley Bruce Nichol (Father) and Suhaila Saud Nichol (Mother) joint managing conservators of E.W.N. and ordering Father to pay child support in the amount of $1,500 per month. Under the order, Mother had the exclusive right to designate the child's residence. On December 20, 2011, Father timely filed his notice of appeal in the trial court and the Second Court of Appeals. The Second Court of Appeals transferred the case on January 24, 2012 to the Seventh Court of Appeals where it was docketed under cause number 07-12-00035-CV.

On January 12, 2012, while his appeal was still pending, Father filed a petition to modify the parent-child relationship seeking to reduce the child support ordered by the trial court less than four months earlier. On December 18, 2012, he filed a motion for temporary orders to reduce his child support obligation during the pendency of the modification suit, and the trial court set the hearing on the motion for January 2, 2013. Mother filed motions seeking continuance of the hearing and dismissal of the modification suit for lack of jurisdiction. Father later filed an amended petition to modify seeking to be granted the exclusive right to determine the primary residence of the child. The trial court dismissed without prejudice the first amended petition to modify because the Seventh Court of Appeals had exclusive "power" of the entire cause. Father appealed the dismissal order to the Second Court of Appeals, but the Supreme Court entered a docket equalization order transferring the appeal to this court. While the instant appeal was pending, the Amarillo Court of Appeals issued an opinion and judgment affirming the trial court's order dated September 27, 2011, including the trial court's decision to grant Mother the exclusive right to determine the primary residence of the Child. *See Nichol v. Nichol*, No. 07-12-00035-CV, 2014 WL 199652 (Tex.App.--Amarillo January 15, 2014, no pet.).

## DISMISSAL OF PETITION TO MODIFY

In his sole issue for review, Father complains that the trial court erred by dismissing his petition to modify because that court had continuing, exclusive jurisdiction over matters affecting the parent-child relationship regardless of whether an appeal is pending. Mother responds that the trial court correctly dismissed the suit because the Seventh Court of Appeals had jurisdiction over the order Father sought to challenge by means of his first amended petition to modify. The weight of Texas jurisprudence agrees with Mother.[1]

The filing of a notice of appeal by any party invokes the appellate court's jurisdiction. TEX.R.APP.P. 25.1(b). As a general rule, the appellate court acquires exclusive plenary jurisdiction over a cause once an appeal has been perfected and the trial court's plenary power to perform certain acts after appeal has expired. *Saudi v. Brieven*, 176 S.W.3d 108, 114 (Tex.App.--Houston [1st Dist.] 2004, pet. denied), *citing Robertson v. Ranger Insurance Company*, 689 S.W.2d 209, 210 (Tex. 1985); *see* TEX.R.CIV.P. 329b(d), (e) (granting trial court plenary power to perform certain acts after the appeal is perfected).

Father argues that the trial court retained continuing, exclusive jurisdiction of the September 27, 2011 order and could modify that order even while Father's appeal was pending before the Seventh Court of Appeals. He relies on Sections 155.001, 155.002, 155.003, and 156.002 of the Texas Family Code in support of his argument. Section 155.001 provides that: "Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order." TEX.FAM.CODE ANN. § 155.001(a)(West 2014). With certain exceptions inapplicable here, if a court has acquired continuing, exclusive jurisdiction, no other Texas state court has

---

[1] Father directs us to one case, *Hudson v. Markum*, 931 S.W.2d 336 (Tex.App.--Dallas 1996, writ denied) that supports his argument. Mother cites numerous cases to the contrary. In his reply brief, Father counters that his modification action was a new suit based on different facts, thus distinguishing Mother's authorities.

jurisdiction of a suit with regard to that child. TEX.FAM.CODE ANN. § 155.001(c)(West 2014). Further, a court with continuing, exclusive jurisdiction retains jurisdiction of the parties and matters provided by Title 5 of the Family Code[2] and it may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child. TEX.FAM.CODE ANN. §§ 155.002(a), 155.003(a) (West 2014). Section 156.002, entitled "Who Can File", provides that a party affected by an order may file a suit for modification in the court with continuing, exclusive jurisdiction. TEX.FAM.CODE ANN. § 156.002 (West 2014). None of these sections addresses the impact of an appeal on the trial court's authority to modify an existing order.

The Family Code contains specific provisions related to the right to appeal a final order, including a modification order, and the trial court's authority to enter temporary orders during the pendency of an appeal. An appeal may be taken by any party to a suit from a final order rendered under Title 5, and an appeal from a final order "shall be as in civil cases generally under the Texas Rules of Appellate Procedure." TEX.FAM.CODE ANN. § 109.002(a), (b) (West 2014). Further, Section 109.002(c) provides that an appeal from a final order, with or without a supersedeas bond, does not suspend the order unless suspension is ordered by the trial court. TEX.FAM.CODE ANN. § 109.002(c) (West 2014). The appellate court, on a proper showing, may permit the order to be suspended, unless the order provides for the termination of the parent-child relationship in a suit brought by the state or a political subdivision of the state permitted by law to bring the suit. *Id.*

---

[2] Title 5 addresses the parent-child relationship and the suit affecting the parent-child relationship. *See* TEX.FAM.CODE ANN. §§ 101.001-266.011 (West 2014 & West Supp. 2014).

Of particular significance to the jurisdictional issue presented here, Section 109.001 expressly authorizes the trial court to enter temporary orders during the pendency of an appeal. TEX.FAM.CODE ANN. § 109.001 (West 2014). It provides:

(a) Not later than the 30th day after the date an appeal is perfected, on the motion of any party or on the court's own motion and after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal as the court may deem necessary and equitable. In addition to other matters, an order may:

(1) appoint temporary conservators for the child and provide for possession of the child;

(2) require the temporary support of the child by a party;

(3) restrain a party from molesting or disturbing the peace of the child or another party;

(4) prohibit a person from removing the child beyond a geographical area identified by the court;

(5) require payment of reasonable attorney's fees and expenses; or

(6) suspend the operation of the order or judgment that is being appealed.

(b) A court retains jurisdiction to enforce its orders rendered under this section unless the appellate court, on a proper showing, supersedes the court's order.

If a trial court's exclusive, continuing jurisdiction of a cause operated in the manner asserted by Father, Section 109.001's grant of limited authority to the trial court to enter temporary orders pending appeal would be completely unnecessary. We are required to construe statutes to give effect to every provision and ensure that no provision is rendered meaningless or superfluous. *Columbia Medical Center of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) Section 109.001 implicitly, if not explicitly, recognizes an appellate court's exclusive plenary authority over the cause on appeal. But that is not the end of the story. It is merely the beginning.

**POLICY ISSUES**

This case precisely presents the quandary a litigant may face when circumstances change while an appeal is pending. There is a recognizable tension between a situation which presents a clear and compelling reason why the existing order should be changed despite the pendency of the appeal and a situation, such as this one, where three motions were filed pending appeal. We also recognize the public policy issues of preventing the ongoing litigation from becoming a revolving door to the courthouse. Today we seek a balance.

Father insists the trial court could have considered and granted all three of his motions. According to Mother, the trial court can do nothing once the thirty day time limit for requesting temporary orders pending appeal has expired. We can imagine several problematic scenarios:

●The trial court has ordered Husband to pay child support based on net resources of $5000 per month. Three months after the divorce decree is signed, he is seriously injured in an automobile accident. He remains hospitalized and in a rehabilitation facility for six months. He is rendered permanently disabled and will receive only Social Security disability for the remainder of his life. While the appeal is pending, his support obligation continues. Section 156.401 relates to modification of child support. Subsection (b) provides that a support order may be modified with regard to the amount of support ordered *only as to obligations occurring after the earlier of the date of service of citation or an appearance in the suit to modify*. According to Mother's position here, Husband cannot file the motion to modify while the appeal is pending. If he is the appellant, he can of course dismiss the appeal and pursue modification. But if Wife is the appellant, the obligation continues to accrue.

●The trial court has appointed Wife as the joint managing conservator with the exclusive right to designate the primary residence of the child. Three months after the divorce decree is signed, she moves in with a man with a history of physical and emotional abuse. Concerned for his child's safety, Husband does not want to wait until his child is victimized and Child Protective Services intervenes. But temporary orders cannot be entered past the thirty day window.

Mother posits that the only remedy is to ask the court to accelerate the appeal. That is insufficient and in most instances will be unsuccessful. The Legislature has already mandated that the following cases are to be accelerated[3]:

Order sustaining contest to affidavit of indigency for appeal
TEX.R.APP.P. 20.1(j), 28.1(a).

Order setting supersedeas bond or other order regarding suspension or enforcement of judgment
TEX.R.APP.P. 24.4

Order determining ownership of allegedly stolen property
TEX.CODE CRIM.PROC.ANN. art. 47.12

Primary election contest
TEX.ELEC.CODE ANN. §232.014

Management of person with communicable disease
TEX.HEALTH & SAFETY CODE ANN. §81.191(e)

Treatment of chemically dependent persons
TEX.HEALTH & SAFETY CODE ANN. §462.076

Court-ordered mental health services
TEX.HEALTH & SAFETY CODE ANN. §574.070

State's appeal of juvenile court order
TEX.FAM.CODE ANN. §56.03

Order appointing a receiver or a trustee
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(1)

Order overruling motion to vacate order appointing a receiver or trustee
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(2)

Order certifying or refusing to certify a class action
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(3); TEX.INS.CODE ANN. §541.259

Order granting or refusing to grant temporary injunction
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(4)

Order granting or overruling a motion to dissolve a temporary injunction

---

[3] All civil interlocutory appeals are subject to accelerated deadlines in accordance with TEX.R.APP.P unless shorter or longer filing deadlines are designated by statute. Credit for compilation of these materials goes to Lisa West, Chief Staff Attorney of the Second Court of Appeals, who prepared them for the benefit of the Council of Chief Justices. Any additional acceleration mandates imposed in the most recent Legislative session are not included.

TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(4)

Denial of motion for summary judgment (alleged immunity of governmental employee)
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(5)

Order granting or denying a special appearance
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(7)

Order granting or denying a governmental unit's plea to the jurisdiction
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(8)

Order denying motion to dismiss under TEX.CIV.PRAC. & REM.CODE ANN. §74.351(b) (failure to file expert report, but not an order granting an extension under subsection (c))
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(9)

Order granting motion under TEX.CIV.PRAC. & REM.CODE ANN. §74.351(l) (expert report determined to be inadequate)
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(10)

Order denying motion to dismiss under TEX.CIV.PRAC. & REM.CODE ANN. §90.007 (MDL asbestos or silica claim)
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(10)

Order denying motion to compel or granting motion to stay arbitration
TEX.CIV.PRAC. & REM.CODE ANN. §§51.016, 171.098

Agreed appeal
(Former TEX.CIV.PRAC. & REM.CODE ANN. §51.014(d), TEX.R.APP.P. 28.2
(excluding Family Code cases)

Permissive appeal
TEX.CIV.PRAC. & REM.CODE ANN. §51.014(d),(f); TEX.R.APP.P. 28.3
(excluding Family Code cases)

Order granting or denying motion to dismiss under TEX.CIV.PRAC.&REM.CODE ANN. §150.002
TEX.CIV.PRAC. & REM.CODE ANN. §150.002(f)

General or special election contest
TEX.ELEC.CODE ANN. §§232.015, 231.009

Order granting or denying a petition for return of the child under the UCCJEA
TEX.FAM.CODE ANN. §152.314

Quo warranto
TEX.R.APP.P 28.1

Order granting or denying dismissal or venue transfer of plaintiff in multi-plaintiff case for failure to independently establish venue
TEX.CIV.PRAC. & REM.CODE ANN. §§15.003(b), (c)

Order denying emergency removal of child from home
TEX.FAM.CODE ANN. §§262.112(b), (c)

Order committing person to residential treatment facility
TEX.HEALTH & SAFETY CODE ANN. §593.056

Order setting bond, dismissing for failure to set bond, or final judgment in public security declaratory judgment action
TEX.GOV'T.CODE ANN. §1205.068

Appeal by State in criminal case
TEX.CODE CRIM.PROC. art. 44.01(d), (f); TEX.R.APP.P. 26.2(b)

Termination of parental rights
TEX.FAM.CODE ANN. §§109.002, 263.405

Order enforcing municipality's lien for artificial lighting costs
TEX.TRANSP.CODE ANN. §315.096

Order granting or denying dismissal under anti-SLAPP statute
TEX.CIV.PRAC. & REM.CODE ANN. §§27.008(b),(c)

Parental notification (denial of minor's petition for authorization to consent to abortion)
TEX.FAM.CODE ANN. §33.004

All criminal appeals (priority)
TEX.R.CRIM.PROC. art. 40.2

All other cases are reached after the accelerated and priority appeals, regardless of how long they have been pending. Thus, while asking a court to accelerate a case is permissible, it offers little benefit.

We perceive two other remedies. As we have noted, Section 109.002 provides that the appellate court, on a proper showing, may permit the order to be suspended. This is true even if the trial court refused to do so within its period of plenary power. That would be a reasonable alternative to solve the issue presented by Hypothetical One. Appellate courts are not fact finders and we do not take testimony, which complicates Hypothetical Two. But nothing in Texas jurisprudence prevents a litigant from filing a motion with the court of appeals, explaining circumstances such as those contained in the hypotheticals, and asking the court to abate the

appeal and remand to the trial court for an emergency hearing to protect the child.[4] The appellate court can then review the specific circumstances in deciding whether to grant the motion. If protective orders are entered, the appeal can be reinstated and the propriety of the final order determined. Such motions are authorized by TEX.R.APP.P. 10. Innovative minds will no doubt design other uses for the rule.

## CONCLUSION

Father filed his notice of appeal from the September 27, 2011 modification order on December 20, 2011. He filed his petition to modify in the trial court on January 12, 2012, and a first amended petition to modify on February 5, 2013. In the interim, he sought temporary orders. The Second Court of Appeals[5] acquired exclusive plenary jurisdiction over the cause once Father perfected his appeal and the trial court's plenary power to enter temporary orders pursuant to Section 109.001 expired on January 19, 2012. The trial court correctly dismissed Father's first amended petition to modify. We overrule the point sole and affirm the trial court's order.

August 26, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[4] This procedure was discussed in, *Campos v. Ysleta General Hosp., Inc.*, 879 S.W.2d 67, 70-71 (Tex.App.--El Paso 1994, writ denied.):

> We have previously been asked to take appropriate action where the trial court has not filed findings of fact and conclusions of law, where requested by Appellant and where necessary for a meaningful review of the judgment. In that situation, we abated the appeal and remanded to the trial court for entry of findings of fact and conclusions of law. *Rothwell v. Rothwell,* 775 S.W.2d 888, 890 (Tex.App.--El Paso 1989, no writ). We have done the same in a criminal case where the trial court failed to file mandatory findings after a *Jackson v. Denno* hearing on the voluntariness of defendant's confession. *Avila v. State,* 856 S.W.2d 260, 262 (Tex.App.--El Paso 1993, no pet.). We find these cases very similar to the one here, and further find that abatement will best expedite a meaningful review of the trial court's decision on sanctions.

[5] After the Second Court of Appeals acquired exclusive plenary jurisdiction over the cause, the appeal was transferred to the Seventh Court of Appeals on January 24, 2012.