

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00236-CV

IN RE G.P. AND D.P.                                                RELATORS

------------

ORIGINAL PROCEEDING
TRIAL COURT NO. 2011-71127-431

------------

## OPINION

------------

In this original proceeding,[1] relators G.P. and D.P. (Grandparents)[2] seek a writ of mandamus to compel respondent the Honorable Jonathan Bailey to set a hearing and rule on their Amended Second Motion to Modify Temporary Orders. We conditionally grant relief.

---

[1]*See* Tex. R. App. P. 52.1.

[2]Grandparents are the child's paternal grandparents.

**Background**

In January 2013, the trial court rendered an agreed "Order Adjudicating Parentage" of a female child, B.P. The order named the child's father, M.P. (Father), and her mother, M.L. (Mother), as joint managing conservators. The order gave the parents similar rights and duties but did not state that either of them had the exclusive right to designate the child's primary residence. Rather, the order stated only that the primary residence of the child must remain in Denton County or contiguous counties. The order included a standard possession order that entitled each parent to possession of the child at specific times.

In June 2015, Grandparents filed a petition in another cause number (but in the same court) asking to be named joint managing conservators of the child together with Mother. Grandparents alleged that appointment of Father as a joint managing conservator was not in the child's best interest. They asked that either they or Mother be given the exclusive right to designate the child's primary residence. They alleged that Father had a history of committing family violence and asked the trial court to deny him access to the child. They also asked for the entry of temporary orders. Later that month, the trial court consolidated Grandparents' petition into the original cause number.

In August 2015, the trial court signed "Temporary Orders in Suit to Modify Parent-Child Relationship." The court continued Mother and Father as temporary

joint managing conservators of the child; named Grandparents as her temporary possessory conservators; gave Mother, for the first time, the exclusive right to designate her residence; and delineated periods of possession for Father, Mother, and Grandparents.

In December 2015, Mother filed a motion to modify the August 2015 temporary orders, asking, among other requests, for Father's visitation with the child to be supervised. Mother alleged that Father had psychological issues that should foreclose his right to unsupervised visitation.

Also in December 2015, Grandparents filed a motion to modify temporary orders, contending that there had been a material and substantial change of circumstances since the August 2015 order was signed. Grandparents asked to be named temporary managing conservators of the child with the right to determine her domicile. They asked for Mother and Father to be given periods of access and possession. That month, the trial court signed an "Order Modifying Temporary Orders." In that order, the court took judicial notice of the motions filed by Mother and Grandparents for modification of the temporary orders but stated that the court's docket did not "permit said motion[s] to be heard within the next month." The court also took judicial notice of a psychological evaluation of Father and of counseling notes and recommendations and ordered that any visitation between Father and the child be "continuously supervised." In April

3

2016, the trial court signed an order stating that Father may have unsupervised visitation.

In May 2016, Grandparents filed a "Second Motion to Modify Temporary Orders." Grandparents alleged that both parents had "created an environment that [was] not conducive to the child's therapy" and had "ceased to have a productive working relationship with the therapist." Grandparents again asked to be appointed temporary managing conservators with the right to determine domicile and again asked the trial court to give the parents periods of access and possession.

In June 2016, the trial court made the following docket entry:

Considered [Grandparents'] request for hearing on Second Motion to Modify Temporary Orders. Court has continuing exclusive jurisdiction as a result of the final order entered on 1/30/13 wherein Mother and Father agreed to be [joint managing conservators] *with neither party having the exclusive right to designate the child's primary residence* . . . . [Grandparents] filed original SAPCR petition seeking [joint managing conservatorship] with Mother on 6/5/15, but that suit was subsequently consolidated into this pending modification suit . . . . [Temporary order] modified on 8/3/15 to name [Grandparents] possessory conservators, parents to continue as [joint managing conservators], *but awarding Mother the exclusive right to designate child's primary residence* . . . . [Grandparents'] current motion requests that they be named temporary sole managing conservators with the exclusive right to establish the child's primary residence . . . . *Family code does not permit such temporary orders because [Grandparents'] motion does not allege basis for such modification under [family code section] 156.006(b)*[3] *and does not include an affidavit required under 156.006(b-1). Accordingly, the Court declines to set hearing on [Grandparents'] motion.* [Emphasis added.]

---

[3]*See* Tex. Fam. Code Ann. § 156.006(b) (West Supp. 2016).

4

In June 2016, in response to the trial court's e-mail about its docket entry, Grandparents' counsel sent an e-mail to the trial court and to all parties, arguing that section 156.006 of the family code is inapplicable in this case because it applies only to changing rights under final orders, not temporary orders. Counsel stressed that Grandparents' motion asks to modify temporary orders, not a final order. Grandparents also filed a motion to reconsider, asking the court to set a hearing on their Second Motion to Modify Temporary Orders. Grandparents again contended that section 156.006 is not applicable here.

Also in June 2016, Grandparents filed their "Amended Second Motion to Modify Temporary Orders." In their amended motion, Grandparents alleged that modification was necessary because the "child's present circumstances would significantly impair [her] physical health or emotional development." Grandparents again asked to be named temporary managing conservators with right to determine domicile. Grandparents asked the trial court to set a hearing on the motion, to which they attached an affidavit from D.P., the child's grandmother. In the affidavit, she stated that the child had not been taken to court-ordered counseling sessions; that the counseling sessions were important for the child's mental health; and that under Mother's care, the child was hungry and had poor hygiene.

The trial court responded to Grandparents' Amended Second Motion to Modify Temporary Orders by sending an e-mail to the parties in which the court

5

stated that its "position ha[d] not changed." The trial court declined to set a hearing on Grandparents' amended motion.

Grandparents brought this petition for writ of mandamus, asking this court to command the trial court to set a hearing on their Amended Second Motion to Modify Temporary Orders. We requested a response to Grandparents' mandamus petition from Mother and Father, and Father filed a response in opposition to it. Grandparents filed a reply to Father's response.

## Section 156.006

Grandparents contend that the trial court abused its discretion by refusing to set a hearing on their Amended Second Motion to Modify Temporary Orders. To be entitled to mandamus relief, a relator generally must demonstrate that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re State Farm Mut. Auto. Ins. Co.*, 483 S.W.3d 249, 260–61 (Tex. App.—Fort Worth 2016, orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 261. A relator may demonstrate an inadequate remedy by appeal by showing that a trial court has refused to set a hearing or rule on a proper motion. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Gerstner*, No. 02-15-00315-CV, 2015 WL 6444797, at *2 (Tex. App.—Fort Worth Oct. 23, 2015, orig. proceeding)

(mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

In its docket entry, the trial court relied on section 156.006 of the family code as the basis for refusing to set a hearing on Grandparents' modification motion. Section 156.006, titled "Temporary Orders," states in part,

> (a) Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.[4]

> (b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person *who has the exclusive right to designate the primary residence of the child under the final order* unless the temporary order is in the best interest of the child and:

>> (1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

>> (2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

>> (3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

> (b-1) A person who files a motion for a temporary order authorized by Subsection (b)(1) shall execute and attach to the motion an affidavit on the person's personal knowledge or the person's belief based on representations made to the person by a

---

[4]Section 156.001 of the family code, titled "Orders Subject to Modification," states, "A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child." Tex. Fam. Code Ann. § 156.001 (West 2014).

7

person with personal knowledge that contains facts that support the allegation that the child's present circumstances would significantly impair the child's physical health or emotional development. The court shall deny the relief sought and decline to schedule a hearing on the motion unless the court determines, on the basis of the affidavit, that facts adequate to support the allegation are stated in the affidavit. If the court determines that the facts stated are adequate to support the allegation, the court shall set a time and place for the hearing.

Tex. Fam. Code Ann. § 156.006(a)–(b-1).

The trial court's docket entry manifests its finding that Grandparents were not entitled to a hearing on their Amended Second Motion to Modify Temporary Orders because they did not plead one of the three grounds for modification under section 156.006(b)(1)–(3). We conclude that the trial court's finding is clearly erroneous for two reasons.

First, applying the unambiguous and plain language of section 156.006 as we must—*see Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015); *Oncor Elec. Delivery Co. v. Giovanni Homes Corp.*, 438 S.W.3d 644, 649 (Tex. App.—Fort Worth 2014, pet. denied)—we must conclude that its requirements for changing the person who has the exclusive right to designate the child's primary residence apply only when that designation has been previously set through a "final order." *See* Tex. Fam. Code Ann. § 156.006(b). Here, as the trial court acknowledged in its docket entry, the January 2013 final order—the only final order entered in this case thus far—did not name a person who had the exclusive right to designate the child's residence. Rather, the trial court's August 2015 temporary order was the first order to give any party the exclusive right to

8

designate the child's primary residence. Thus, there is no "final" designation to change, and Grandparents are not required to plead and prove one of the three circumstances described by subsection (b)(1)–(3). *See id.* § 156.006(b)(1)–(3); *see also Thottam v. Joseph*, No. 01-13-00377-CV, 2015 WL 1632454, at *3 (Tex. App.—Houston [1st Dist.] Apr. 9, 2015, pet. denied) (mem. op.) (stating that section 156.006 limits a trial court's authority to "temporarily modify designation of a conservator who has exclusive right to establish 'primary residence' . . . *in [a] final order*" (emphasis added)); *In re Casanova*, No. 05-14-01166-CV, 2014 WL 6486127, at *3 (Tex. App.—Dallas Nov. 20, 2014, orig. proceeding) (mem. op.) ("[C]hapter 156 . . . does not apply to modifications of temporary orders."); *see also* Tex. Fam. Code Ann. § 105.001(a) (West 2014) (stating that a trial court may modify a prior temporary order based on the "safety and welfare of the child"); *In re Herring*, 221 S.W.3d 729, 731 (Tex. App.—San Antonio 2007, orig. proceeding) ("Because the challenged order is an order modifying a prior temporary order, [section] 105.001 of the Texas Family Code applies.").

Second, even if subsection (b) applied, the trial court's statement in its docket entry that Grandparents did not "allege [a] basis for modification under [section] 156.006" is no longer correct. In Grandparents' Amended Second Motion to Modify Temporary Orders, which they filed after the docket entry, they alleged one of the three circumstances under that subsection—that the order is necessary because the "child's present circumstances would significantly impair

9

[her] physical health or emotional development." *See* Tex. Fam. Code Ann. § 156.006(b)(1). As required by section 156.006 (if it applied), Grandparents also attached an affidavit supporting that allegation. *See id.* § 156.006(b-1). Although subsection (b-1) allows a trial court to consider the adequacy of such an affidavit to prove the significant impairment of a child, *see id.*, the mandamus record does not indicate that the trial court based its decision on refusing to set a hearing on a review of the affidavit that Grandparents attached. Instead, in response to the filing of Grandparents' amended second motion and affidavit, the trial court simply communicated to the parties that its "position ha[d] not changed."

For these reasons, we conclude that that trial court clearly abused its discretion by refusing to set a hearing on Grandparents' Amended Second Motion to Modify Temporary Orders and that Grandparents have no adequate remedy by an appeal.[5] *See State Farm Mut. Auto. Ins. Co.*, 483 S.W.3d at 260–61; *Eli Lilly & Co.*, 829 S.W.2d at 158.

---

[5]In Father's response to Grandparents' mandamus petition, he argues, in part, that awarding Grandparents the right to designate the child's primary residence is not in her best interest, that the affidavit filed by Grandparents in the trial court is based on hearsay, and that Grandparents are "spending as much money as necessary to 'buy' this child." These arguments are not pertinent to our decision to conditionally grant relief to Grandparents, and we do not address them or offer any opinion on the merits of Grandparents' motion. We deny Father's request for us to order Grandparents to place $50,000 in the trial court's registry.

## Conclusion

The trial court's refusal to set a hearing on Grandparents' Amended Second Motion to Modify Temporary Orders was a clear abuse of discretion that left Grandparents with no adequate remedy by appeal. Accordingly, we conditionally grant Grandparents' petition for writ of mandamus and order respondent to hold a hearing and rule on the motion within thirty days. *See Gerstner*, 2015 WL 6444797, at *2. We are confident that respondent will do so. The writ will issue only if respondent fails to comply.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 17, 2016

11