**Reversed and Remanded and Memorandum Opinion filed November 20, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00896-CV

---

## IN THE INTEREST OF A.C.P., A MINOR CHILD

---

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2014-06479**

---

## M E M O R A N D U M   O P I N I O N

Appellant Father filed a Fourth Amended Motion for Enforcement of Possession or Access to his minor child A.C.P. He asked that Mother be held in contempt for violating the provisions of the divorce decree relating to his visitation rights and alternatively requested that "if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply."

At the hearing on the motion, Mother orally moved for dismissal. The trial court granted Mother's motion and dismissed Father's Fourth Amended Motion for Enforcement of Possession or Access. Father appeals the ruling.

Although the trial court's refusal to hold Mother in contempt is not appealable, we hold that, as a matter of law, the trial court erred in dismissing Father's alternative request for clarification of his visitation rights.

## I.

When Father's motion was called for trial, Mother argued, through counsel, that the portions of the divorce decree dealing with Father's rights of possession and access cannot be enforced by contempt, stating,

> Now, according to *Ex Parte Slavin*, the order will not be enforceable because if you do not have the conditions precedent, they're supposed to be met before you move on to the next phase. It's not clear on its face, and they have four times, four amendments to get it right, and it's still not correct.

The statement, "it's not clear on its face" is ambiguous, because "it" might refer to the motion or to the divorce decree; however, Mother's reference to *Ex parte Slavin* indicates that she was referring to the divorce decree. That case stands for the proposition that "for a person to be held in contempt for disobeying a court decree, the *decree* must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding) (emphasis added). *Slavin* does not impose the same requirements on a motion for enforcement. We therefore construe Mother's argument as a contention that the part of the divorce decree dealing with Father's rights of possession and access lack the specificity required to be enforceable by contempt;

2

thus, her argument deals with both of Father's alternative requests that the trial court either hold Mother in contempt or clarify this part of the divorce decree.

We lack jurisdiction to review the dismissal of Father's request that the trial court use its contempt powers to punish Mother's alleged noncompliance with the divorce decree. *Cf. In re C.M.*, No. 14-03-01098-CV, 2006 WL 461378, at *2 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, no pet.) (mem. op.) (appellate court must determine, de novo and sua sponte, its jurisdiction to consider an appeal). Although a person who has been held in contempt can challenge the ruling through an original proceeding, the dismissal of a motion for contempt is not reviewable by direct appeal. *See, e.g.*, *Norman v. Norman*, 692 S.W.2d 655 (Tex. 1985); *Khan v. Valliani*, 439 S.W.3d 528, 536 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *In re Guardianship of Bays*, 355 S.W.3d 715, 721–22 (Tex. App.—Fort Worth 2011, no pet.). We accordingly dismiss this portion of the appeal for want of jurisdiction.[1]

## II.

The dismissal of Father's request for an order clarifying the divorce decree is another matter. A request for a clarification order is distinct from a request to hold a party in contempt. *See* TEX. FAM. CODE ANN. § 157.424 (West 2014) ("The court may render a clarification order before a motion for contempt is made or heard, in conjunction with a motion for contempt, or after the denial of a motion for contempt."). The trial court's dismissal of that request for affirmative relief was a final order, and as such, it is reviewable by direct appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

---

[1] Because we construe Mother's "condition precedent" arguments to be directed to the question of whether the relevant portions of the divorce decree are enforceable by contempt, our dismissal of the attempted appeal of this issue includes dismissal of the arguments Father briefed concerning the validity of Mother's "condition precedent" contentions.

A clarification order is appropriate "if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt." *Id.* § 157.421(a) (West 2014). The procedures applicable to filing a motion for clarification are the same as those for filing a motion for enforcement, *see id.* § 157.422, and Father complied with those procedures. *See id.* §§ 157.001(d); 157.002(a), (c) (West 2014 & Supp. 2018). He accordingly was entitled to a hearing and a ruling on the merits of that request.

The trial court, however, ruled that the entirety of Father's "Fourth Amended Motion for Enforcement of Possession or Access is dismissed and *no hearing shall be had* at this time."[2] Mother presented no grounds for dismissing Father's motion for clarification; to the contrary, Mother represented to the trial court that the visitation portion of the divorce decree was "not clear on its face."

Because no valid basis was asserted for the dismissal of Father's motion for clarification, we reverse this part of the trial court's order and remand the cause for further proceedings consistent with this opinion.


/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and Brown.

---

[2] Emphasis added. Father also represents that he subsequently filed an amended motion for enforcement which the trial court has refused to set for a hearing. *See* TEX. FAM. CODE ANN. § 157.061 (West 2014) (trial court "shall set" an enforcement motion for hearing if contempt is requested, and if contempt is not requested, the trial court "shall set" the motion for hearing at a party's request). It is not clear from Father's brief whether he asks this Court to review that matter, but in any event, we lack jurisdiction to do so. Unlike the trial court's dismissal of Father's request for a clarification order, a trial court's mere refusal to set a hearing does not itself dispose of a matter. Being neither a final nor even an interlocutory order, the refusal to set a hearing is not reviewable by direct appeal but instead must be addressed through a mandamus proceeding. *See, e.g., In re G.P.*, 495 S.W.3d 927, 931 (Tex. App.—Fort Worth 2016, orig. proceeding).