

**NUMBER 13-18-00648-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF J.P. AND A.P., CHILDREN

### On Appellant's Emergency Motion for Stay Pending Appeal.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Benavides and Hinojosa
### Order Per Curiam

Appellee Derek Payne has filed a Motion to Clarify our order of abatement dated March 22, 2019. Appellant Alana Etheridge has filed a response to the motion. We grant appellee's motion, withdraw our March 22, 2019 order, and substitute the following in its place.

Appellant contests the "Amended Order in Suit to Modify Parent-Child Relationship" signed by the trial court on October 26, 2018. The order provides in part that appellant shall have possession and access to the parties' minor children only "as recommended by Kate Rodriguez, the Court ordered therapist for the family the subject

of this suit." Appellant contends that this provision is illegal and void. Appellant has filed an Emergency Motion for Stay Pending Appeal alleging that Rodriguez informed appellant in November 2018 of her intent to withdraw from the case, and that the withdrawal was confirmed in February 2019. Appellant argues that the therapist's withdrawal "has rendered it impossible for [her] to comply with the Order's provisions" and, as a result, she has been effectively "entirely stripped of her visitation and access rights." Appellant asks this Court to (1) suspend enforcement of the October 26, 2018 amended order until such time as the appeal may be decided and (2) order instead that a temporary order rendered by the trial court on September 25, 2017 will govern the parties during the pendency of the appeal. *See* TEX. R. APP. P. 43.6.

Because an appeal has been perfected and the trial court no longer has jurisdiction to render temporary orders under the family code, this Court has exclusive plenary jurisdiction over the case. *See In Interest of E.W.N.*, 482 S.W.3d 150, 157 (Tex. App.— El Paso 2015, no pet.) (citing TEX. FAM. CODE ANN. § 109.001(b-1) (West, Westlaw through 2017 1st C.S.) (providing that a party may not file a motion for temporary orders pending appeal "after the date by which that party is required to file the party's notice of appeal")). We are authorized to suspend enforcement of the trial court's order pending the outcome of the appeal. *See* TEX. FAM. CODE ANN. § 109.002(c) (West, Westlaw through 2017 1st C.S.); *see also* TEX. R. APP. P. 43.6. However, in this case, facts have developed since the rendition of the order on appeal which may affect the propriety of the order with respect to the best interests of the children. *See* TEX. FAM. CODE ANN. § 156.101(a) (West, Westlaw through 2017 1st C.S.) (stating that a trial court's order modifying conservatorship and possession must be in the best interest of the child). In

2

particular, the withdrawal of the court-ordered therapist thwarts the visitation provision in the amended order and was not known to the trial court at the time it signed the order.

Regardless of the merits of the appeal, the trial court must be permitted to consider, in the first instance, the effect of the therapist's withdrawal on the best interests of the children. *See Interest of E.W.N.*, 482 S.W.3d at 156–57 (observing that "[a]ppellate courts are not fact finders and we do not take testimony," and noting that "nothing in Texas jurisprudence prevents a litigant from filing a motion with the court of appeals, explaining circumstances [where facts have developed after the trial court lost jurisdiction to render temporary orders], and asking the court to abate the appeal and remand to the trial court for an emergency hearing to protect the child").

Accordingly, we DENY appellant's emergency motion for stay pending appeal. Instead, without considering the merits of the appeal, we hereby ABATE the appeal and REMAND to the trial court with instructions to, as soon as practicable, hold an emergency hearing in this matter regarding the best interests of the children. *See id.* The trial court must determine whether the court-ordered therapist has withdrawn from the case. If so, the trial court must render a new order ensuring that the best interests of the children are protected in light of the therapist's withdrawal. If not, the trial court must render an order stating that the therapist has not withdrawn. The trial court may also render any orders, consistent with the law and as justice may require, to protect the best interests of the children during the pendency of the appeal.

The new order(s) shall be included in a supplemental clerk's record and must be filed with the clerk of this Court on or before thirty (30) days from the date of this order. Further, the trial court is directed to ensure that a reporter's record of the emergency

3

hearing, and any other hearings which may be held during abatement of the appeal, is filed with the clerk of this Court on or before thirty (30) days from the date of this order. The appeal will be reinstated upon filing of the supplemental records as set forth herein.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
26th day of March, 2019.