COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| IN RE | § | No. 08-19-00295-CV |
|  | § |  |
| JENNIFER CABALLERO, | § | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## **O P I N I O N**

This mandamus arises from a divorce proceeding between Jennifer Caballero and Sanjiv

Vig. Relator Caballero complains that the trial judge below, the Honorable Laura Strathmann of

the 388th District Court, failed to exercise a mandatory, ministerial duty to transfer a petition to

modify the parent-child relationship proceeding to Nueces County under Section 155.301(a) of the

Texas Family Code. For the reasons stated, we dismiss the petition.

## I. BACKGROUND

Germane to this mandamus, the following sequence of events is relevant to our disposition:

- June 5, 2017. The 388th District Court of El Paso County, in Cause No. 2014DCM6244, heard the divorce case of Caballero and Vig, and shortly thereafter notified the parties of its intended rulings. The couple had children while they were married, and the rulings addressed possession, custody, and support issues germane to those children.

- July 26, 2017. Caballero filed a motion to recuse Judge Strathmann.

- July 31, 2017. Judge Roy Ferguson of the 394th District Court heard and overruled the motion to recuse.

- December 1, 2017. Judge Strathmann signed a Final Decree of Divorce.

- March 5, 2018. Caballero noticed her appeal of that final decree with this Court, which we docketed as *Caballero v. Vig*, No. 08-18-00033-CV.

- May 7, 2019. While the appeal was still pending, Vig filed a petition to modify the parent-child relationship, again in the 388th District Court, and again, in Cause No. 2014DCM6244.

- September 20, 2019. Caballero filed a motion to transfer venue of the motion to modify to Nueces County.

- November 20, 2019. The 388th District Court *sua sponte*, and without ruling on the motion to transfer venue, dismissed Vig's modification petition stating that its action was consistent with *In re E.W.N.*, 482 S.W.3d 150, 152 (Tex.App.--El Paso 2015, no pet.) (holding that an appellate court's exclusive plenary authority over a pending appeal superseded the trial court's continuing jurisdiction over issues relating to child custody and support, and requires an aggrieved parent to first move to abate the appeal and seek a remand back to trial court upon proper showing, before filing a subsequent motion to modify).

Thereafter, Caballero filed this mandamus action.

## II. DISCUSSION

Caballero raises two issues in her mandamus petition. In Issue One, she contends that Judge Strathmann failed to comply with a mandatory, ministerial duty to transfer the petition to modify the parent-child relationship proceedings to Nueces County under Section 155.301(a) of the Texas Family Code.[1] In Issue Two, she complains that Judge Strathmann abused her discretion

---

[1] Section 155.301(a) of the Texas Family Code creates a mandatory venue provision which states:

> A court of this state with continuing, exclusive jurisdiction over a child custody proceeding under Chapter 152 or a child support proceeding under Chapter 159 shall transfer the proceeding to the county of residence of the resident party if one party is a resident of this state and all other parties including the child or all of the children affected by the proceeding reside outside this state.

TEX.FAM.CODE ANN. § 155.301(a).

by signing an order that dismissed Vig's petition. Because these issues are intertwined, they will be addressed together.

### A. Standard of Review

To be entitled to mandamus relief, a relator generally must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id.* at 136. The burden is on the relator to show she is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). Although a writ of mandamus is generally unavailable to review venue decisions, an exception to this rule arises when the trial court has a ministerial duty to transfer a cause under a mandatory venue statute but fails to do so. *In re Harris*, No. 12-14-00108-CV, 2014 WL 4754962, at *2 (Tex.App.--Tyler Sept. 24, 2014, orig. proceeding). An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of an inadequate remedy by appeal. *Id.*

### B. Analysis

Before addressing the merits, we must first assess our own jurisdiction, including the question of whether there is a live controversy presented in this court. *See In re County of El Paso*, 104 S.W.3d 741, 743 (Tex.App.--El Paso 2003, orig. proceeding) (reaching the merits of a mandamus petition was unnecessary because the controversy had become moot). We determine that we must dismiss Caballero's mandamus petition because the venue dispute is moot.

A court cannot decide a moot case. *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.* If a controversy ceases to exist and the issues presented are no

3

longer live, the case becomes moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Amarillo v. R.R. Comm'n. of Texas*, 511 S.W.3d 787, 794 (Tex.App.--El Paso 2016, no pet.) ("[W]hen an actual controversy no longer exists between the parties, 'the decision of an appellate court would be a mere academic exercise.'"), *quoting Beltran v. Beltran*, 324 S.W.3d 107, 110 (Tex.App.--El Paso 2010, no pet.).

Caballero complains that the motion to modify was not transferred to Nueces County. The trial court, however dismissed the motion to modify because at the time it was filed, jurisdiction of the entire case was resting in this Court. Consistent with our decision of *In re E.W.N.*, the trial court recognized that Vig would have had to first come to this Court and ask to abate the appeal and remand the case to file his motion to modify. 482 S.W.3d 150, 156 (Tex.App.--El Paso 2015, no pet.). Because he failed to do so, the trial court was without jurisdiction to hear his motion to modify, and his petition was dismissed. Consequently, Caballero is no longer suffering the harm of having to defend herself from Vig's petition, whether it was filed in an improper venue or not.

Caballero's assertion that this case is distinguishable from *In re E.W.N.* is unavailing. Both cases involve a final order that was on appeal when a subsequent proceeding to modify was filed with the original trial court. The father in *In re E.W.N.* filed a notice of appeal from a SAPCR modification order and then filed another petition to modify the parent-child relationship while the original appeal was pending. *Id.* at 151-52. The trial court dismissed the petition that was filed while the appeal was pending, and this Court affirmed the dismissal as proper. *Id.* at 157. We held that the second petition was correctly dismissed because the appellate court acquired exclusive plenary jurisdiction once the notice of appeal of the original SAPCR order had been filed. And the chronology we set out above demonstrates the same sequence of events occurred in this case. Consequently, the trial court here appropriately followed our holding in *In re E.W.N.*

4

Caballero correctly notes that the Fort Worth Court of Appeals has subsequently disagreed with our holding in *In re E.W.N. See In re Reardon*, 514 S.W.3d 919, 921 (Tex.App.--Fort Worth 2017, no pet.). But from the prism of our mandamus standard, we cannot say the trial court clearly abused its discretion in following an opinion of this Court as to a controlling proposition of law. And if one were to challenge that proposition of law, the challenge would come in a direct appeal of the order of dismissal, which was not taken here. As such, Caballero's complaint about the venue issue fails because there is no live controversy for us to review, nor was there a proper live controversy before the trial court when Caballero filed her motion to transfer venue in the first place.[2]

Issues One and Two are overruled.

## III. CONCLUSION

We are without jurisdiction to review this mandamus petition because the controversy Caballero complains of is moot. The petition for writ of mandamus is dismissed.

JEFF ALLEY, Chief Justice

February 28, 2020

Before Alley, C.J., Palafox, J., and Barajas, Senior Judge
Barajas, Senior Judge, (Sitting by Assignment)

---

[2] We recently issued our opinion and judgment in the original appeal. *Caballero v. Vig*, No. 08-18-00033-CV, 2020 WL 562980 (Tex.App.--El Paso Feb. 5, 2020, no pet. h.). Once that decision becomes final, the jurisdictional quandary addressed by *In re E.W.N.* is of course obviated.