

# NUMBER 13-24-00287-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RAMON M. DIANA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva[1]**

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

By pro se petition for writ of mandamus, relator Ramon M. Diana seeks to compel the trial court[2] to schedule a hearing on relator's motion for enforcement of possession and access to his minor children, K.M.D., P.M.D., E.M.D., and V.M.D. We conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

Relator's petition for writ of mandamus arises from trial court cause number 2022-DCL-02849-H in the 444th District Court of Cameron County, Texas, and relator has a pending appeal from that same case in our appellate cause number 13-24-00111-CV. In the underlying proceedings, the trial court issued a final order in a suit to modify the parent-child relationship, an order enforcing the division of property by contempt, and an order enforcing a child support obligation. During the pendency of the appeal, on April 3, 2024, relator filed a motion for enforcement of possession and access alleging that the real party in interest and appellee Elvia K. Cordova-Diana had violated the trial court's final order by, *inter alia*, preventing him from visitation and communication with his minor children. On May 20, 2024, relator filed a letter addressed to the judge of the trial court in which relator "respectfully request[ed] a meeting with [the judge] to obtain a setting of a hearing for enforcement." Relator advised that he "ha[d] been denied visitation for the past months, and both the [p]olice and [Child Protective Services (CPS)] have been involved at the residence where the children reside." Relator stated that he "believe[d] that a discussion with [the judge] would be beneficial in providing clarity and resolving any

_____

[2] The respondent in this original proceeding is the Honorable David Sanchez. *See id.* R. 52.2.

2

questions or concerns that may arise." Relator also emailed his May 20, 2024 letter to the clerk of the court requesting her to forward or deliver the letter to the judge.

On May 21, 2024, the clerk emailed relator and advised him that she was "unable to forward this letter to [the judge]," and informed him that, "It is not correct or ethical for [the judge] to meet with a person having a case before his court without the other party being present." She further stated:

> The rule banning ex parte communications ensures that the court process is fair and that all parties have the same information as the judge who will be deciding the case. When all parties have the same information, a party who disagrees with the information can contest it in court.

> Your case remains on appeal, therefore I am not able to schedule hearings at this time.

By return email, relator advised the clerk that:

> I affirm that my intentions do not seek to contravene any ethical standards governing court proceedings. The primary objective of this correspondence is to petition for a hearing. Despite the pendency of an appeal. I have been deprived of visitation rights for several months and with law enforcement agencies and [CPS] intervening at the domicile where the children are situated, raising concerns about their well-being. I am uncertain about the duration of the appellate process. The existing orders remain in force until further directives are issued.

Later that same day, the clerk again advised relator by email that "[w]hile an appeal is [in] process[,] the Court may not intervene on the case. You have appealed the order dated February 16, 2024, please review same."

This original proceeding ensued. By one issue, relator contends that "[t]he trial court abuse[d] its discretion by neglecting to address urgent matters and fulfill its obligation to ensure a fair and prompt resolution of pending issues by refusing to schedule a hearing." This Court requested Cordova-Diana, or any others whose interest may be

3

affected by the relief sought, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Nevertheless, Cordova-Diana did not file a response to the petition for writ of mandamus.[3]

## II.    MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

The trial court has a duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). "A relator may demonstrate an inadequate remedy by appeal by showing that a trial court

---

[3] On May 30, 2024, this Court requested Cordova-Diana to file a response to the petition for writ of mandamus within ten days. After ten days had passed, and Cordova-Diana did not file a response, a deputy clerk at this Court contacted her counsel's office to determine if a response would be filed. Counsel's office advised the deputy clerk that Cordova-Diana's current counsel would not be preparing a response, and that Cordova-Diana was attempting to retain another attorney to appear and file a response on her behalf. However, neither Cordova-Diana nor her current counsel have filed a motion for extension of time, or motion for leave, or other pleading regarding this matter, and a new attorney has not filed an appearance in this original proceeding.

4

has refused to set a hearing or rule on a proper motion." *In re G.P.*, 495 S.W.3d 927, 930 (Tex. App.—Fort Worth 2016, orig. proceeding); *see Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Blakeney*, 254 S.W.3d at 661.

### III.    ANALYSIS

Here, relator contends that the trial court abused its discretion by refusing to set a hearing on relator's motion for enforcement of its orders pertaining to visitation and communication with the minor children. The trial court has refused to set a hearing on relator's motion on grounds that an appeal of those orders is currently pending. However, the Texas Family Code expressly provides that the trial court may issue temporary orders during the pendency of an appeal:

> In a suit affecting the parent-child relationship, on the motion of any party or on the court's own motion and after notice and hearing, the court may make any order necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable.

TEX. FAM. CODE ANN. § 109.001(a); *see In re E.W.N.*, 482 S.W.3d 150, 153 (Tex. App.—El Paso 2015, no pet.) (stating that this section "expressly authorizes the trial court to enter temporary orders during the pendency of an appeal"). Further § 109.001(a) expressly contemplates that a hearing is required under the specified circumstances. *See* TEX. FAM. CODE ANN. § 109.001(a) (requiring "notice and hearing" prior to rendering an order); *In re G.X.H.*, 627 S.W.3d 288, 300 (Tex. 2021) ("When the Legislature intends to require a hearing as a prerequisite to taking a particular course of action, it says so."). Even absent this statutory authority, the trial court bears "an affirmative duty to enforce

5

its judgment." *See In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (orig. proceeding) (per curiam) (holding "that the trial court had jurisdiction to hear the motion to enforce its final judgment, despite the fact that the judgment had been appealed"); *see also* TEX. R. APP. P. 25.1(h) ("The filing of a notice of appeal does not suspend enforcement of the judgment.").

Relator properly filed his motion for enforcement and requested a hearing on that motion. Relator has expressly alleged that enforcement of the orders is necessary to ensure the children's physical or emotional health or welfare. We conclude, under these circumstances and in the absence of any contrary evidence or argument, that the trial court had a duty to consider and rule on relator's motion for enforcement and that it abused its discretion in failing to do so. *See In re Henry*, 525 S.W.3d at 382; *In re Blakeney*, 254 S.W.3d at 661. Further, relator lacks an adequate remedy by appeal to address this error. *See In re G.P.*, 495 S.W.3d at 930; *In re Blakeney*, 254 S.W.3d at 661. Therefore, we sustain the sole issue presented in this original proceeding.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has met his burden to obtain relief. Accordingly, we conditionally grant the petition for writ of mandamus, and we direct the trial court to consider and rule on relator's motion for enforcement. We express no opinion on the merits of the motion. *See In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig. proceeding); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624

(Tex. App.—El Paso 2015, orig. proceeding). Our writ will issue only if the trial court fails to promptly comply.

CLARISSA SILVA
Justice

Delivered and filed on the
28th day of June, 2024.