In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00485-CV**
_____

**IN RE RACHEL LEEANN RAISOR**

**Original Proceeding**
**418th District Court of Montgomery County, Texas**
**Trial Cause No. 21-10-14066**

**MEMORANDUM OPINION**

Relator Rachel Leeann Raisor filed a petition for a writ of prohibition to prohibit the trial court from proceeding with a December 15 setting in Trial Cause Number 21-10-14066.[1] Rachel argues the writ is necessary to protect our jurisdiction because the trial court is interfering with an active appeal from a SAPCR modification order in Trial Cause Number 21-10-14066, styled Appeal Number 09-25-00156-CV, *In the Interest of L.R. and L.R.* As temporary relief, she requests a

_____

[1]All dates in this opinion are in 2025.

1

stay of all proceedings in the trial court. *See* Tex. R. App. P. 52.10(a). We deny the petition for a writ of prohibition and the motion for temporary relief.

The matter currently before the trial court is a Motion for Clarification of Possession or Access or, in the Alternative, for Modification Pending Appeal, in which Real Party in Interest Carl Anthony Raisor Jr. seeks modification or clarification of the trial court's February 27 Order in Suit to Modify Parent-Child Relationship, because, according to Carl, "[t]he circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Specifically, Carl alleges Access Builds Children terminated his "ability to exercise possession of and access to the children" through their service, so he seeks an order identifying "alternative means by which [he] may exercise possession of or have access to the children[,]" or in the alternative, a standard possession order.

On September 23, the trial court issued an Order to Show Cause that required the parties to appear before the trial court on October 8 "with legal authority prepared to discuss whether this court currently has jurisdiction to consider *Motion for Clarification of Possession or Access or, In the Alternative, for Modification Pending Appeal,*" and "show cause why an order of dismissal should not be signed regarding this matter if this Court does not currently have such jurisdiction." Rachel claims the trial court heard the parties' arguments on "the unresolved jurisdictional

2

question[,]"and although the record before us does not show whether or how the trial court ruled, the trial court signed a November 18 Order Granting Motion for Continuance, indicating:

> [T]he trial of this matter is now set for **December 15, 2025 at 9:00 a.m.**, and that a Docket Call-Pretrial Conference is set for **December 05, 2025 at 9:00 a.m.** All other deadlines imposed by the Scheduling Order previously rendered in this matter shall remain in full force and effect as calculated from the new trial date.

Rachel asks us to issue a writ of prohibition to prevent the trial court from proceeding with the December 15 hearing, arguing the trial court "lacks subject matter jurisdiction to modify the [February 27] order" because "jurisdiction has rested exclusively with the Ninth Court of Appeals since May 1" when the notice of appeal was filed.

The Texas Family Code grants a trial court "continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order" and specifically authorizes such a court "to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child." Tex. Fam. Code Ann. §§ 155.001(a), 155.003(a). Section 156.101 indicates a trial court may modify its order if modification is in the best interest of the child and:

> (1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

3

(A) the date of the rendition of the order; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based[.]

*Id.* § 156.101(a).

Citing *In re E.W.N.*, Rachel argues that since our exclusive plenary jurisdiction over the February 27 modification order attached when Carl perfected his appeal, and because the trial court's jurisdiction to grant a new trial or modify the judgment expired thirty days after the overruling of his motion for new trial, jurisdiction over the entire case is in the appellate court and the trial court lacks jurisdiction to modify the existing order. *See* 482 S.W.3d 150, 153 (Tex. App.—El Paso 2015, no pet.). However, this Court and other intermediate appellate courts have recognized that under the Family Code a suit to modify an existing SAPCR based on a material and substantial change of circumstances is treated as an original lawsuit that may proceed during the appeal of the SAPCR. *See In re Bellow*, No. 09-17-00042-CV, 2017 WL 1173813, at \*1 (Tex. App.—Beaumont Mar. 20, 2017, orig. proceeding) (mem. op.); *Brisco v. Brisco*, No. 07-21-00196-CV, 2022 WL 569685, at \*2 (Tex. App.—Amarillo Feb. 24, 2022, no pet.) (mem. op.); *In re E.O.*, No. 13-18-00637-CV, 2021 WL 4995568, at \*2 (Tex. App.—Corpus Christi Oct. 28, 2021, no pet.) (mem. op.); *In re Jacquot*, No. 14-21-00022-CV, 2021 WL 3924083, at \*3 (Tex. App.—Houston [14th Dist.] Sept. 2, 2021, orig. proceeding) (mem. op.) (supp. op. on reh'g); *In re Freeman*, No. 11-17-00132-CV, 2017 WL 2698430, at \*1 (Tex.

4

App.—Eastland June 15, 2017, orig. proceeding); *In re Reardon*, 514 S.W.3d 919, 925 (Tex. App.—Fort Worth 2017, orig. proceeding); *Blank v. Nuszen*, No. 01-13-01061-CV, 2015 WL 4747022, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.); *Hudson v. Markum*, 931 S.W.2d 336, 338 (Tex. App.—Dallas 1996, no writ); *see also* Tex. Fam. Code Ann. § 156.004 ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter.").

Despite our exclusive appellate jurisdiction to review the February 27 final order in light of what is contained in the record in Appeal Number 09-25-00156-CV, the trial court still retains continuing jurisdiction over the SAPCR and may accept pleadings, receive evidence, make factual determinations about whether circumstances have materially and substantially changed since February 27, and decide whether and how the final order's possession and access provisions should be modified according to the best interest of the children. *See* Tex. Fam. Code Ann. §§ 155.001(a), 155.003(a), and Chapter 156, generally. Our appellate jurisdiction simply does not include the power to perform such functions. So, although our jurisdiction over the appeal and the trial court's continuing jurisdiction over the SAPCR are concurrent, they are not equivalent, and the exercise of one is not necessarily inconsistent with the existence of the other.

Relator has not shown that the trial court lacks continuing jurisdiction nor that the scheduled proceedings in the trial court interfere with the jurisdiction of this Court. *See* Tex. Gov't Code Ann. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). Accordingly, we deny the petition for a writ of prohibition and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10(a).

PETITION DENIED.

PER CURIAM

Submitted on December 10, 2025
Opinion Delivered December 11, 2025

Before Golemon, C.J., Wright and Chambers, JJ.