**IN RE  Amy  MCPEAK, Relator**

**NO.  14–17–00104–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed April 13, 2017.

Erinn Genelle Brown, Pearland, TX, Emily Foster, United Kingdom, for Relator.

Gerald Ray Yoakum, Pearland, TX, for Real Party in Interest.

Panel consists of Justices Christopher, Busby, and Jewell.

## OPINION

J. Brett Busby Justice

This is a divorce and child custody case involving relator Amy McPeak (Mother), real party-in-interest James McPeak (Father), and three children. On November 22, 2016, Mother and Father executed and the trial court approved Agreed Temporary Orders, which, among other things, ordered Mother to move the children to Brazoria County (where Father lived) or contiguous counties by January 1, 2017, and if Mother failed to comply, the children would be turned over to Father's possession (Temporary Orders). On January 19, 2017, the presiding judge of the 300th District Court of Brazoria County signed orders denying Mother's motion for the court to confer with the oldest child and declining to further consider Mother's motion to modify the Temporary Orders. The judge specified that he declined to further consider the motion to modify because Mother did not file an affidavit that complied with the section 156.102 of the Texas Family Code.

On February 8, 2017, Mother filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, Mother asks this Court to compel the trial judge to (1) vacate his January 19, 2017 orders, (2) confer with the oldest child, and (3) modify the Temporary Orders.

We conclude that Mother is entitled to relief because a motion to modify *temporary* orders is governed by section 105.001 of the Texas Family Code, not section 156.102. Section 156.102 only applies to a motion to modify a *final* order that designates the person having the exclusive right to designate the primary residence of a child. The Temporary Orders were not final orders. Accordingly, the trial court abused its discretion by declining to further consider Mother's motion to modify the Temporary Orders based on its erroneous legal conclusion that Mother was required to comply with the inapplicable section 156.102. The trial court also abused its discretion by denying Mother's motion to confer with the oldest child, who was age 13, as required by section 153.009(a) of the Texas Family Code. We therefore conditionally grant the petition for writ of mandamus in part.

## I. Factual and Procedural Background

In February 2016, Mother separated from Father and moved with their three children to a home near the marital home in Brazoria County. Mother later moved with the children to Thorndale, Texas, which lies in Milam and Williamson counties, about 40 miles northeast of Austin. The children have been enrolled in school in Thorndale since September 2016.

Father filed for divorce in October 2016. The trial court held a hearing on temporary orders, which Mother attended. Mother, who was not represented by an attorney, and Father, who was represented by an attorney, executed Agreed Temporary Orders. The trial court approved the orders on November 22, 2016. Among other things, the Temporary Orders required Mother to move the children to Brazoria or contiguous counties by January 1, 2017, and if Mother failed to comply, the children would be turned over to Father's possession. Thus, the Temporary Orders required Mother and the children to leave their new home and school in Thorndale.

At some point after the Temporary Orders were signed, Mother obtained a job in Thorndale. Mother then retained an attorney to represent her. On November 29, 2016, Mother filed a motion to set aside the Temporary Orders. On December 8, Mother filed a motion to modify the Temporary Orders, requesting that the Agreed Temporary Orders be set aside or that the geographic restriction in the orders be set aside and/or modified to include Mother's county of residence. On December 28, Mother filed a motion asking the trial court to confer with the oldest child, who was 13 years old, pursuant to section 153.009 of the Texas Family Code.

The trial court heard these motions on January 18, 2017, but stopped the hearing because Mother had failed to file an affidavit that complied with section 156.102 of the Texas Family Code. On January 19, 2019, the trial court: (1) signed an order stating that the court declined to consider further evidence or testimony and declined to further consider Mother's motion to modify (Order Declining to Consider), and (2) signed an order denying Mother's motion to confer with the oldest child (Order Denying Motion to Confer).

## II. Mandamus Standard

To obtain mandamus relief, a relator generally must show both that the trial

court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

▮ A challenge to temporary orders in a suit affecting the parent-child relationship is allowed through mandamus, as there is no adequate remedy by appeal. *See Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding). Because a trial court's temporary orders in a custody case are not appealable, mandamus is an appropriate means to challenge them.[1]

### III. ANALYSIS

**A. The trial court abused its discretion by concluding that section 156.102**

of the Family Code applied to Mother's motion to modify the Temporary Orders.

▮ The Temporary Orders, by granting Father possession of the children, had the effect of giving Father the exclusive right to designate the children's primary residence.[2] Mother filed a motion to modify the Temporary Orders. The first issue presented by her petition for writ of mandamus is whether her motion to modify the Temporary Orders is governed by section 156.102 or section 105.001 of the Texas Family Code. These sections impose very different requirements.

Section 156.102(a) provides: "If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b)." Tex. Fam. Code Ann. § 156.102(a). Subsection (b) requires that the affidavit contain, along with supporting facts, at least one of three allegations.[3] *See* Tex. Fam. Code § 156.102(b).

---

1. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.–Houston [14 Dist.] 2003, orig. proceeding); *In re Rather*, No. 14-11-00924-CV, 2011 WL 6141677, at *1 (Tex. App.–Houston [14th Dist.] Dec. 8, 2011, orig. proceeding) (per curiam) (mem. op.); *see also* Tex. Fam. Code Ann. § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal").

2. When the temporary orders deprive a custodial parent "of any discretion inherent in the right to determine the [child's] primary residence," they have "the effect" of changing the designation of the person with the exclusive right to designate a child's primary residence. *In re Ostrofsky*, 112 S.W.3d 925, 929 (Tex. App.–Houston [14th Dist.] 2003, orig. pro-

ceeding). This determination of whether the temporary orders change the designation does not turn on the trial court's characterization of its ruling, but on the substance of the temporary orders. *In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.–San Antonio 2007, orig. proceeding).

3. Subsection (b) states: "The affidavit must contain, along with supporting facts, at least one of the following allegations: (1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development; (2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or (3) that the person

The Order Declining to Consider indicates that the reason the trial judge declined to consider further evidence or testimony and declined to further consider Mother's motion to modify is that Mother had failed to file an affidavit complying with section 156.102(b). The trial judge also stated to Mother's counsel at the hearing that he stopped the hearing because her motion to modify lacks an affidavit under section 156.102.

Mother argues that the trial court erred, as a matter of law, because section 156.102 only applies to a suit to modify a *final* order, not a motion to modify *temporary* orders. The Temporary Orders state in their title that they are temporary, and nothing in the body of the orders indicates that they were intended to be final.

■ We agree with Mother's position, which is supported by recent case authority that section 156.102 only applies to modification of final orders, not temporary orders. "[C]hapter 156 ... does not apply to modifications of temporary orders." *In re G.P.*, 495 S.W.3d 927, 931 (Tex. App.–Fort Worth 2016, orig. proceeding) (quoting *In re Casanova*, No. 05-14-01166-CV, 2014 WL 6486127, at *3 (Tex. App.–Dallas Nov. 20, 2014, orig. proceeding) (mem. op.)). Mother's motion to modify the Temporary Orders is governed by section 105.001, not section 156.102. *See* Tex. Fam. Code Ann. § 105.001(a) (stating that a trial court may modify a prior temporary order based on the "safety and welfare of the child"); *In re Herring*, 221 S.W.3d 729, 731 (Tex. App.–San Antonio 2007, orig. proceeding) ("Because the challenged order is an order modifying a prior temporary order, [section] 105.001 of the Texas Family Code applies"). In *In re Casanova*, 2014 WL

6486127, at *3, the Dallas Court of Appeals explained why temporary orders are governed by section 105.001 rather than chapter 156:

> We agree and conclude chapter 156, like its predecessor, does not apply to modifications of temporary orders. Chapter 156 is predicated on the doctrine of res judicata. *In re S.N.Z.*, 421 S.W.3d 899, 911–12 (Tex. App.–Dallas 2014, pet. denied); *Watts v. Watts*, 563 S.W.2d 314, 316 (Tex. Civ. App.—Dallas 1978, writ ref'd n.r.e.).... Temporary orders, however, as their name suggests are intended to allow a trial court some degree of flexibility during the pendency of a proceeding. The policy concerns regarding finality of judgments and the cessation of custody litigation are not implicated in the same way by modifications of temporary orders because at the time of their entry or modification the litigation concerning the child is ongoing. For that reason, the family code expressly sets forth a different test by which the propriety of temporary orders and any modifications of temporary orders are to be measured, namely whether the temporary orders are for "the safety and welfare" of the child. Tex. Fam. Code Ann. § 105.001(a).

We agree with this part of the *In re Casanova* decision. Accordingly, the trial court made an error of law by applying section 156.102 rather than section 105.001. Because Mother sought to modify *temporary* orders, not *final* orders, she was not required to file an affidavit that complied with section 156.102. Nor was she required to file an affidavit under the applicable section 105.001.[4] The trial court abused its

---

who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the

modification is in the best interest of the child." Tex. Fam. Code § 156.102(b).

4. Chapter 105 only requires a verified pleading or an affidavit for the rendition of an

discretion by declining to further consider Mother's motion to modify based on her failure to file an affidavit that complied with section 156.102.

▮ Mother was prejudiced by this error because the trial court not only required an affidavit that the law did not require, but also imposed a higher burden of proof than the law required. Under section 156.102(b), the movant is required to prove through affidavit that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development. In contrast, under section 105.001, the court may modify temporary orders based on the safety or welfare of the child.

In his response, Father does not deny that the trial court erred by applying section 156.102 instead of section 105.001. Rather, Father points out that a trial court does not abuse its discretion if it reaches the right result for the wrong reason. *See e.g., Hawthorne v. Guenther,* 917 S.W.2d 924, 931 (Tex. App.–Beaumont 1996, writ denied). Father argues that the trial court reached the right result because, based on the evidence presented at the hearing, the trial court could have reasonably concluded Mother did not show, under section 105.001, that modifying the Temporary Orders was necessary for the safety or welfare of the children.

Regardless of whether Father's argument regarding the evidence is correct, Mother was prejudiced by the trial court's error for at least two reasons. First, the trial court stopped the hearing before Mother finished presenting her evidence. Second, absent the trial court's error, it may have ruled in Mother's favor under

section 105.001's more lenient burden of proof.

Father also argues that Mother's motion to modify the Temporary Orders could have properly been denied because the motion did not allege that modification was necessary for the safety or welfare of the children. *See* Tex. Fam. Code Ann. § 105.001(a). The motion to modify alleges that "the Agreements made by Respondent are no longer workable or in the children's best interest." Father cites no authority that a motion to modify temporary orders must specifically allege that modification is necessary for the safety or welfare of the children. In any event, Mother's allegation the agreements are no longer "in the children's best interest" provided sufficient notice to Father that Mother sought to modify the agreements based on the welfare of the children. Mother is therefore entitled to mandamus relief from the trial court's decision not to further consider Mother's motion to modify the Temporary Orders.

**B. The trial court abused its discretion by denying Mother's motion to confer.**

▮ We next consider Mother's complaint regarding the denial of her motion that the court confer with the oldest child. Section 153.009(a) of the Texas Family Code provides that at a hearing, on the application of a party, the court *shall* interview in chambers a child twelve years of age or older regarding the child's wishes as to the person who shall have the exclusive right to determine the child's primary residence. Tex. Fam. Code § 153.009(a). Mother's motion to modify the Temporary Orders raised the issue of which parent should have possession of the children and

order: (1) attaching the body of the child; (2) taking the child into the possession of the court or of a person designated by the court; or (3) excluding a parent from possession of

or access to a child. Tex. Fam. Code § 105.001(b). None of these circumstances are present here.

the right to determine their primary residence. Mother filed a motion for the trial court to confer with the oldest child, who was 13 years old. Section 153.009 therefore required the trial court to confer with the oldest child before deciding Mother's motion to modify. The trial court abused its discretion by denying the motion to confer.

## V. Conclusion

Mother's motion to modify the Agreed Temporary Orders is governed by section 105.001, not section 156.102. The trial court abused its discretion by declining to further consider Mother's motion to modify the Temporary Orders based on its erroneous legal conclusion that section 156.102's affidavit requirement applied. The trial court further abused its discretion by not conferring with the oldest child as required by section 153.009(a). Mother has no adequate remedy by appeal for these errors relating to temporary orders in a custody case.

We therefore conditionally grant the petition for writ of mandamus in part. We direct the trial court to: (1) vacate its January 19, 2017 orders, (2) conduct another hearing to consider Mother's motion to modify the Temporary Orders under section 105.001, and (3) confer with the oldest child as required by section 153.009(a). We express no opinion regarding the merits of Mother's motion to modify or how the trial court should rule on that motion. We deny Mother's request that we direct the trial court to modify the Temporary Orders.

We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.