# NO. 12-18-00146-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE 124TH* |
| *N.V.R., D.A.R., AND J.T.R.,* | *§* | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | *§* | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

William Runnels, acting pro se, appeals from the trial court's order finding him in arrears on child support owed to Domanita Craddock-Neal. He presents three issues on appeal. We affirm.

## BACKGROUND

This is a suit affecting the parent-child relationship (SAPCR). In 2016, Craddock-Neal was granted the exclusive right to determine the residency of three children, N.V.R., D.A.R., and J.T.R. The trial court also ordered Runnels to pay child support of $179.20 per month beginning on December 1, 2016. Runnels subsequently filed a motion to modify child support. In February 2017, following a hearing, the trial court issued a temporary order reducing the child support obligation to $100 per month from February 2017 through May 2017. Thereafter, the obligation would automatically increase to $179.20 per month.

In November 2017, Craddock-Neal filed a motion for enforcement of child support and a motion for enforcement of possession. The motions alleged that Runnels failed to pay child support from December 2016 through November 2017 and that Runnels interfered with Craddock-Neal's possession when he took J.T.R. to the doctor and attempted to take all three children to a dentist appointment. In April 2018, following a hearing, the trial court found that Runnels failed to pay the ordered child support from December 2016 through April 2018 and that he violated the possession order. As a result, the trial court found Runnels in contempt for both violations and

ordered him to serve 180 days in the county jail for each act of contempt, to run concurrently. The court further found that Runnels had the ability to pay the child support owed and ordered that all arrearages and current child support amounts be withheld from Runnels's earnings.

Runnels appealed the trial court's order. On July 25, 2018, we determined that the trial court's contempt and commitment rulings contained in the order are not appealable and dismissed Runnels's appeal with respect to those claims.[1] However, we determined that any alleged error in the trial court's arrearages ruling are appealable and may be addressed by this Court.

**SUBJECT MATTER JURISDICTION**

In his first issue, Runnels complains that the trial court lacked jurisdiction over the motion to modify, thereby rendering the orders of contempt and arrears void.

**Standard of Review and Applicable Law**

Subject matter jurisdiction is a question of law and is reviewed de novo. *See, e.g.*, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). It "is an issue that may be raised for the first time on appeal; it may not be waived by the parties." *Id.* "A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack." *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). But "[e]rrors that make a judgment voidable are subject to waiver and must be preserved pursuant to Texas Rule of Appellate Procedure 33.1." *In re M.L.G.J.*, No. 14-14-00800-CV, 2015 WL 1402652, at *3 (Tex. App.—Houston [14th Dist.] Mar. 24, 2015, no pet.) (mem. op.).

Suits affecting the parent–child relationship are governed by Title 5 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 101.001–266.013 (West 2014 & West Supp. 2018). Chapter 155's subchapter A, part of Title 5, states in part: "Except as otherwise provided by this section, a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order." *Id.* § 155.001(a) (West Supp. 2018). In that event, "no other court of this state has jurisdiction of a suit with regard to that child" except as provided by Chapter 155 and other family code provisions not applicable in this case. *Id.* § 155.001(c).

---

[1] *Runnels v. Neal*, No. 12-18-00146-CV, 2018 WL 3569682 (Tex. App.—Tyler July 25, 2018, no pet.) (mem. op.).

Standing is a component of subject matter jurisdiction, and any judicial action by a court without jurisdiction is void. *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). "'Without standing, a court lacks subject matter jurisdiction' over the case, and the merits of the plaintiff's claims thus cannot be litigated or decided." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (considering whether grandparent had standing to file SAPCR seeking conservatorship of child). "When standing has been conferred by statute, the statute itself should serve as the proper framework for a standing analysis." *In re K.D.H.*, 426 S.W.3d 879, 883 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

**Analysis**

Runnels argues that Craddock-Neal's motion to enforce child support "deprived the 124th district court of subject matter jurisdiction as the motion lacked standing, and [Craddock-Neal's] motion failed to have a sworn affidavit attached or affixed thereto." Runnels relies on *Ex Parte Duncan*, which concerns a writ of habeas corpus following a contempt proceeding, to support his contention. 182 S.W. 313, 313 (Tex. Crim. App. 1916). In *Duncan*, the Texas Court of Criminal Appeals determined that constructive contempt, i.e., acts committed outside of the court's presence, must be brought to a trial court's attention via a sworn or verified complaint. *Id.* at 314. Otherwise, the court's jurisdiction is not properly invoked. *Id.* However, more recently, the Texas Supreme Court held that a verified complaint is not required as a prerequisite to constructive contempt except where specifically provided for in a statute. *Ex Parte Winfree*, 263 S.W.2d 154, 156-58 (Tex. 1953). The supreme court upheld a contempt judgment without a verified complaint where the trial court issued a show cause order that was properly served and the trial court conducted an adequate hearing. *Id.* at 158.

Here, Runnels's sole argument is that Craddock-Neal lacked standing because her motion to enforce child support was unverified. It is undisputed that the trial court held a hearing on Craddock-Neal's motion and that Runnels attended that hearing. As a result, under *Winfree*, that Craddock-Neal's motion was unsworn did not deprive the trial court of subject matter jurisdiction. *See id.*; *see also In re Beeler*, 394 S.W.3d 800, 806 (Tex. App.—Beaumont 2013, orig. proceeding). We overrule Runnels's first issue.

3

In his third issue, Runnels argues the evidence is legally insufficient to support the trial court's award of arrearages.

## Standard of Review and Applicable Law

A trial court's determination of child support arrearages is reviewed for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re A.L.G.*, 229 S.W.3d 783, 784 (Tex. App.–San Antonio 2007, no pet.); *McBride v. McBride*, 396 S.W.3d 724, 730 (Tex. App.–Houston [14th Dist.] 2013, pet. denied) ("A trial court's decision to grant or deny the relief requested in a motion for enforcement is reviewed for an abuse of discretion."). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles;" in other words, if it acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Legal and factual sufficiency are factors that can be considered in determining whether an abuse of discretion has occurred. *London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.–Houston [14th Dist.] 2002, no pet.).

To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we apply a two-prong analysis. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied). First, we consider whether the trial court had sufficient evidence upon which to exercise its discretion. *Id.* We then determine whether, based on the evidence, the trial court erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867 (Tex. App.–Dallas 2011, no pet.). We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*

A legal sufficiency challenge may be sustained only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable fact-finder could, and disregard evidence contrary to the finding unless a reasonable fact-finder could not. *Id.* at 827.

A trial court is required to follow particular procedures in entering a final judgment in a proceeding seeking child support arrearages. *In re G.L.S.,* 185 S.W.3d 56, 59 (Tex. App.–San Antonio 2005, no pet.). First, the trial court must tally the amount of the arrearage based on the payment evidence presented. *Beck v. Walker,* 154 S.W.3d 895, 903 (Tex. App.–Dallas 2005, no pet.); *Lewis v. Lewis,* 853 S.W.2d 850, 854 (Tex. App.–Houston [14th Dist.] 1993, no writ). After this calculation is made, the final judgment is to be rendered only after considering offsets and counterclaims. *In re G.L.S.,* 185 S.W.3d at 59; *Beck,* 154 S.W.3d at 903; *Lewis,* 853 S.W.2d at 854. The petitioner must establish the arrearage, and the respondent must establish any applicable counterclaim or offset. *See Beck,* 154 S.W.3d at 903. A determination of arrearages must be set aside if no evidence supports it. *Office of the Attorney Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175–76 (Tex. 2012) (per curiam).

## Analysis

In arguing that the judgment of arrearages is not supported by sufficient evidence, Runnels contends that "there was no evidence to support the previous trial court's finding that Runnels' earning potential at the time of the hearing, would allow payments of $100.00 or $179.20 a month." However, this complaint relates to the February 2017 temporary child support order. Runnels did not challenge this order in a mandamus proceeding and it cannot now be challenged on appeal from the trial court's subsequent assessment of arrearages. *See In re McPeak*, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (because temporary orders in custody case are not appealable, mandamus is appropriate means to challenge them); *see also In Interest of E.G.D.*, No. 05-16-00431-CV, 2016 WL 3398529, at *1 (Tex. App.—Dallas June 17, 2016, no pet.) (mandamus is appropriate remedy for review of temporary orders involving child support).

Runnels further argues "there was no evidence in the record to support the inference that Runnels was intentionally under employed to avoid his child support responsibilities." He also contends that he established that he lacked the ability to provide support.

At the hearing on her motions for enforcement, Craddock-Neal testified that she was awarded custody of her children in October 2016 and that the court ordered Runnels to pay child support of $179.20 per month starting in December 2016. In January 2017, Runnels requested a reduction in the amount of support and the trial court reduced it to $100 per month for February, March, and April 2017. In May 2017, the support increased to $179.20 per month. At the time of

the hearing, Craddock-Neal testified that she had not received child support for seventeen months. She had not received any money from the disbursement unit nor directly from Runnels. Craddock-Neal stated that Runnels owed a total of $2,808.80 in child support. The Attorney General's Texas Child Support Disbursement Unit Payment Record, which was admitted into evidence, showed that as of April 1, 2018, Runnels made a partial payment in December 2017 of $40.34. No other payments were shown. Runnels also testified that he made no other payments. Based on the evidence presented at the hearing, there was sufficient evidence from which the trial court could conclude that Runnels failed to make payments from December 2016 through April 2018 and made only a partial payment in December 2017. *See e.g. **In Interest of T.S.P.**, No. 04-14-00547-CV, 2015 WL 5037123, at *4 (Tex. App.—San Antonio Aug. 26, 2015, no pet.) (mem. op.) (absent attorney general's payment record, no evidence supported arrearages finding).

The burden then shifted to Runnels to prove his inability to pay child support. When a party is charged with contempt for nonpayment of child support, he can only establish the defense of financial inability if he conclusively proves that he: (1) lacks the ability to provide support in the amount ordered; (2) does not possess sufficient personal or real property that can be sold or mortgaged to raise the sum; (3) has unsuccessfully attempted to borrow the sum from financial institutions; and (4) knows of no other source, including relatives, from whom the sum might be borrowed or otherwise secured. *See* TEX. FAM. CODE ANN. § 157.008(c) (West 2014); *see also **Ex parte Bregenzer***, 802 S.W.2d 884, 887 (Tex. App.–Houston [1st Dist.] 1991, orig. proceeding); ***Ex parte Papageorgiou***, 685 S.W.2d 776, 778 (Tex. App.–Houston [1st Dist.] 1985, orig. proceeding). The party charged with contempt for nonpayment of child support must prove his involuntary inability to perform. *See **In re Corder***, 332 S.W.3d 498, 502 (Tex. App.–Houston [1st Dist.] 2009, orig. proceeding). To establish this affirmative defense, the obligor must prove that he was unable to pay each child support payment as it accrued. *See **Ex parte Papageorgiou***, 685 S.W.2d at 778.

Runnels testified that he lacked the ability to provide support in the amount ordered and that he was not intentionally unemployed or underemployed. He testified to starting a business in which he sells "electronics and little gadgets." On December 4, 2017, Runnels filed a statement of inability to afford payment of court costs on an appeal bond. In that document, Runnels stated that he had a business inventory of $1,914.27, which he paid for via a loan from his father. On the date of the hearing, Runnels testified that he had approximately $500 in inventory. He further

6

testified that he sold $1,764.27 in 2017 and $880.31 in 2018. Runnels stated that he pays bills but does not buy new inventory. Runnels also testified that he purchased a 2010 Toyota Camry in October 2017 for approximately $8,000. However, he considers the car worth $5,000 due to mileage, etcetera. Runnels also owns a 2004 Lincoln LS and a 1999 Chevrolet Astro van, which are "junked and salvaged." He testified that he has unsuccessfully attempted to sell both salvage vehicles.

The statement of inability to pay costs from December 2017 also listed Runnels's income. He listed approximately $500 per month from his business and "other jobs/sources of income" totaling between $150 to $475 per month, which he receives from his father when he asks. Runnels testified that he has not worked for anyone other than himself since he lost his job at Lowe's Home Improvement in December 2016. He testified that he has been seeking and applying for jobs but has been unable to secure one. He provided documentation that he was not selected for positions with the Attorney General's office. According to Runnels, he needs to make at least $12 per hour to pay his monthly expenses. Runnels further stated that he has two items at the pawn shop on which he makes the minimum payments. He also has a "medical debt" of $563. In May 2017, he took the children to California using the money from his income tax return. He testified that he views his tax return as his father's money because his father supports him.

Based on this record, the trial court could have reasonably found that Runnels had the ability to make his payments but failed to do so. The evidence showed that Runnels's father gives him money and that he received a tax refund in 2017. However, none of that money went towards child support. In addition, the trial court noted that the child support payments are set to an amount less than minimum wage. Therefore, a minimum wage job would allow Runnels to make his child support payments. As a result, the trial court did not err in finding Runnels did not lack the ability to pay child support. *See* TEX. FAM. CODE ANN. § 157.008(c).

Because the evidence supports the trial court's arrearages assessment, we conclude the trial court did not abuse its discretion by finding that Runnels failed to timely make child support payments as they accrued. *See Worford*, 801 S.W.2d at 109; *see also A.L.G.*, 229 S.W.3d at 784; *McBride*, 396 S.W.3d at 730. We overrule Runnels's third issue.[2]

---

[2] In his second issue, Runnels again contends the trial court's February 2017 temporary order was unsupported by the evidence. However, as previously stated, this complaint cannot be raised on appeal.

## DISPOSITION

Having overruled Runnels's first and third issues, we ***affirm*** the trial court's judgment.  All pending motions are overruled as moot.

**GREG NEELEY**
Justice

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00146-CV**

## IN THE INTEREST OF N.V.R., D.A.R., AND J.T.R., CHILDREN

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 2007-2400-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*