# NO. 12-19-00185-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *APOLLONIA ELLIS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Apollonia Ellis, filed this original proceeding to challenge Respondent's temporary order.[1]  We deny the writ.

## BACKGROUND

Real Party in Interest, Joshua Moore, and Ellis are the parents of A.J.E.  In March 2014, Respondent signed an order in suit affecting the parent-child relationship, which appointed Ellis and Moore joint managing conservators and gave Ellis the exclusive right to designate A.J.E.'s primary residence.  On April 26, 2018, Moore filed a motion to modify seeking appointment as the person with the right to designate the primary residence.

On May 9, Respondent held a hearing on the motion.  During the hearing, Ellis testified to meeting Daniel Torres in November 2017, marrying him on February 14, 2018, and moving to Austin, where Torres lived, at the end of March 2018.  She verbally gave Moore notice of her intent to move.  On March 22, she offered Moore a week-on week-off rotating weekly schedule.  She found a job in Austin sooner than expected, so she left A.J.E. with Moore.  She agreed that A.J.E. needs consistency and stability, which is why she left him with Moore.  That March, she saw A.J.E. once and testified to calling him approximately every other day, but she could not recall how many days in April she called him.  She saw A.J.E. once in March and on the weekend of

---

[1] Respondent is the Honorable John A. Sinz, Judge of the County Court at Law in Nacogdoches County, Texas.

April 21. Ellis did not want A.J.E. to be removed from his speech therapy program in the middle of the school year, but she wanted A.J.E. to stay in Austin once school ended. She believed it would benefit A.J.E. to be in Austin to receive therapy.

Ellis testified that A.J.E. is attached to her and is uncomfortable and crying when he has to go with Moore, but she does not believe he is in any harm with Moore. She denied alienating A.J.E., actively discouraging him from leaving for visitations with Moore, or telling A.J.E. that he did not have to listen to Moore and that Moore was not his family or his father. She testified that she does not like Moore and he is physically abusive. Ellis also acknowledged a preexisting history with the Department of Family and Protective Services. She testified to being arrested for abandonment and neglect because she was working and attending school and her other son wandered off while she was sleeping. Witnesses testified that she is a good mother.

Moore testified that Ellis left A.J.E. with him on March 5 and that his cellular telephone records reflect that Ellis called one time in March and twelve times in April. He testified to receiving notice via a text message that she was moving. A.J.E. initially asked about Ellis, but later stopped asking. After Moore filed the motion to modify, Ellis began calling two to three times a day. He testified that A.J.E. is four, is autistic, attends school, and is doing great in school. He testified to previously spanking A.J.E., but now only utilizes timeout because of a doctor's recommendation. According to Moore, Ellis led A.J.E. to believe that Moore is physically abusive and encourages him not to see Moore. He also testified that Ellis routinely curses at him. Moore denied physically abusing Ellis. Nor has a protective order been filed against him. Moore's wife testified that A.J.E.'s grades are consistent and he has a "very strong bond" with Moore. She testified to witnessing Ellis curse at Moore in front of A.J.E. She also testified that Ellis tells A.J.E. that he does not have to listen to Moore or do what Moore says and that Moore is not his father.

At the end of the hearing, Moore's counsel asked that the parties be appointed joint managing conservators, neither parent establish A.J.E.'s residence, A.J.E. complete schooling in Nacogdoches County, Ellis have standard possession until the end of the school year, the parties exercise week-on week-off visitation thereafter, and a social study or child custody evaluation be conducted with the cost to be shared equally between the parties. Ellis, who acted pro se at the hearing, indicated her desire to have a standard possession order and appeared agreeable to meeting halfway so that Moore could have custody every other week. She wanted to take A.J.E. home with her for the weekend, but Respondent stated that A.J.E. was still in school. Ellis declined to see

2

A.J.E. for dinner before returning to Austin because it would not be good for him and would hurt him.

On May 11, Respondent signed a letter to the parties, in which he stated that the parents are both loving and "mostly appropriate" as to raising A.J.E. He also recognized "evidence of inappropriate behavior, particularly foul language and put-downs in the presence of the child." Respondent expressed concern over Ellis moving to Austin with her husband, who she had known a short time and with whom there is a "significant communication issue."[2] For these reasons, and because Ellis left A.J.E. with Moore and wanted him to complete the school year, Respondent found that the "temporary order should require the child to remain with Mr. Moore until school is out, then proceed to live in both homes, on a week on and week off basis." Respondent stated that the parties could exchange the child in Marquez, Texas at 6:00 p.m. on Saturdays, or the parties may agree otherwise. Respondent also ordered a custody evaluation, with each party paying his or her share.

On June 6, Respondent signed a temporary order, which requires that A.J.E. remain in Moore's possession until completion of the school year, at the conclusion of which, the parties will exchange A.J.E. on a weekly basis beginning on the first Saturday at the end of the regular school term. The order gives Ellis possession of A.J.E. during the first week-long period of possession and provides that the parties exchange A.J.E. in Marquez at 6:00 p.m. each Saturday, but that they may modify the order by agreement. The order further requires a child custody evaluation and report, the cost of which the parties split equally. Respondent ordered that neither party pay child support.

In August, Moore filed a motion for additional temporary orders and requested a temporary restraining order. On August 29, Ellis's counsel proposed that the temporary restraining order be extended, the hearing thereon reset, and Ellis receive standard possession pending the temporary orders hearing. Moore's counsel agreed. On October 2, the parties' respective counsel signed another Rule 11 agreement that required the parties to continue operating under standard visitation, except that drop off and pick up would occur at 8:00 p.m. in Marquez and Ellis would receive Thanksgiving break and the first half of Christmas break, complete the child custody evaluation,

---

[2] Ellis's husband testified that he is Cuban, in the United States legally, and taking English classes, and that Ellis understands some Spanish.

3

proceed to mediation before a final hearing, and cancel the hearing scheduled for October 3. On January 28, 2019, the child custody evaluation was completed. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Because a trial court's temporary orders in a custody case are not appealable, mandamus is an appropriate means to challenge them." *In re McPeak*, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

## AVAILABILITY OF MANDAMUS

Ellis contends that Respondent abused his discretion by (1) setting a hearing on temporary orders to change the parent with the exclusive right to designate A.J.E.'s primary residence because Moore's affidavit was insufficient under Section 156.006(b-1) of the family code; and (2) signing a temporary order that, in effect, changed the parent with the exclusive right to designate A.J.E.'s primary residence because the evidence failed to show that A.J.E.'s present environment would significantly harm his physical health or emotional development. She also acknowledges the delay in filing her mandamus petition, which she filed nearly a year after Respondent signed the June 6 temporary order.

However, we need not address the delay because Ellis failed to preserve her complaints for our review. *See* TEX. R. APP. P. 47.1. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). This rule of error preservation applies to mandamus proceedings. *In re Rutter*, No. 12-16-00126-CV, 2016 WL 4447719, at *3 (Tex. App.—Tyler Aug. 24, 2016, orig. proceeding) (mem. op.); *see In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding).

4

Here, Moore filed his motion to modify, and supporting affidavit, on April 26, 2018. The record contains no written objection from Ellis to either the motion or the affidavit. On May 9, Respondent held the temporary orders hearing. The transcript from that hearing contains no objections to the motion, the affidavit, or the hearing. Rather, Ellis announced ready. Before testimony commenced, Ellis stated, "I'm requesting that the suit be dismissed and the temporary restraining order lifted, because everything in the restraining order was a lie." The record does not indicate that Ellis challenged the sufficiency of Moore's affidavit or Respondent's decision to hold a temporary orders hearing based on that affidavit. Nor does the record indicate that Ellis argued to Respondent that the temporary order violated Section 156.006 of the family code. *See* TEX. FAM. CODE ANN. § 156.006(a), (b) (West Supp. 2018) (authorizing trial court to render temporary order in modification suit, but outlining specific requirements for changing the parent with the right to designate primary residence).

Even though Ellis acted pro se for a period of time, she was still required to comply with applicable laws and procedural rules, as pro se litigants are held to the same standards as licensed attorneys. *See **Amir-Sharif v. Mason***, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.); *see also **In re Office of Attorney Gen. of Tex.***, 193 S.W.3d 690, 693-94 (Tex. App.—Beaumont 2006, orig. proceeding) (charging pro se litigant with knowledge of the law). Even after she retained counsel, there is no applicable objection in the record. We also note that instead of arguing to Respondent that the June 6 order improperly changed the parent with the exclusive right to designate A.J.E.'s primary residence, Ellis entered a Rule 11 agreement to continue operating under standard visitation, but changing the drop off and pick up time to 8:00 p.m. in Marquez. The agreement also gave Ellis custody of A.J.E. during Thanksgiving break and the first half of Christmas break. The parties agreed to complete the child custody evaluation and attend mediation. Accordingly, Ellis essentially agreed that A.J.E. would remain with Moore and the parties would exercise weekly exchanges, just as the temporary order provided.

"The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the trial court cannot first be considered in an original proceeding seeking mandamus." ***In re Floyd***, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.); *see **In re Abney***, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding) ("arguments withheld from the trial court will not first be considered in a petition for writ of

mandamus"). Ellis was required to first challenge Moore's affidavit, the May 9 hearing, and the propriety of the June 6 order in the trial court before seeking relief in this Court and because she failed to do so, her complaints are not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also* **Floyd**, 2016 WL 2353874, at *1 (denying petition for mandamus where relator failed to preserve argument that temporary orders improperly had effect of changing designation of person with exclusive right to designate primary residence in violation of Section 156.006); **Abney**, 486 S.W.3d at 138-39 (waiting almost six months to voice complaint that temporary order violated Section 156.006, for first time in mandamus proceeding, and withholding particular grounds underlying complaint failed to satisfy mandate that trial court be the first to consider the objection); **In re C.R.J.**, No. 06-13-00053-CV, 2014 WL 199209, at *2, 4 (Tex. App.—Texarkana Jan. 17, 2014, no pet.) (mem. op.) (in Section 156.102[3] case, failure to first raise with the trial court issues regarding affidavit and conducting a hearing without an adequate affidavit resulted in complaints not being preserved). As such, she cannot demonstrate an abuse of discretion, which is a necessary prerequisite to mandamus relief.

## DISPOSITION

Having determined that Ellis failed to preserve her complaints for our review, we ***deny*** the petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] Section 156.006 states that the trial court shall deny relief and decline to schedule a hearing unless the trial court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Section 156.006(b) are stated in the affidavit. TEX. FAM. CODE ANN. § 156.006(b-1) (West Supp. 2018). Section 156.102 likewise provides that the trial court shall deny relief and refuse to schedule a hearing unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation are stated in the affidavit. *Id*. § 156.102(c) (West 2014) (entitled "modification of exclusive right to determine primary residence of child within one year of order").



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 12, 2019**

**NO. 12-19-00185-CV**

**APOLLONIA ELLIS,**
Relator
V.

**HON. JOHN A. SINZ,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Apollonia Ellis; who is the relator in appellate Cause No. 12-19-00185-CV and the respondent in trial court Cause No. C1429813, pending on the docket of the County Court at Law of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on May 17, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*