**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 6, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00792-CV**

---

**IN RE H.N.K., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-53573**

---

## M E M O R A N D U M   O P I N I O N

This petition for mandamus concerns the validity of two mediated settlement agreements (the 2018 MSA and the 2019 MSA) in a child custody modification proceeding. The parties in this case are relator H.N.K. (Mother), real party in interest O.R.R. (Father), and real parties in interest M.A. and W.A. (Grandparents). Mother and Grandparents are the only parties to the 2018 MSA. Mother and Father are the only parties to the 2019 MSA. The Honorable Germaine J. Tanner, presiding judge of the 311th District Court, signed a temporary order implicitly concluding both

MSAs are unenforceable. Mother sought mandamus relief, asking that we vacate the order "to the extent it invalidated" the 2018 MSA, hold that the trial court was obligated to uphold the 2018 MSA, and remand to the trial court for further consideration.

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

A trial court's temporary orders in a custody case are not subject to interlocutory appeal. Tex. Fam. Code Ann. 105.001(e). Mandamus review of such temporary orders is permitted because an appeal from a final judgment is not an adequate appellate remedy. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re McPeak*, 525 S.W.3d 310, 313 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

After reviewing the briefing and the mandamus record, we conclude Mother has not shown that the trial court abused its discretion with respect to the temporary order. We deny Mother's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.